AMY J. GREER
KINGDON KASE
TAMI S. STARK (TS-8321)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Philadelphia District Office
701 Market Street
Suite 2000
Philadelphia, PA 19103
Telephone: (215) 597-3100
Telefax: (215) 597-2740



RECEIVED
MAY 3 0 2007
JUDGE SWEET CHAMBERS



USDC ...
...
FILED
DATE ...: 5-31-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,   :
                Plaintiff,   :
                v.   :   Civil Action No.
                   :   05 CV 9259
LOHMUS HAAVEL & VIISEMANN,   :
OLIVER PEEK, and   :   (Judge Sweet)
KRISTJAN LEPIK,   :
                Defendants.   :   (REDACTED)

---

## FINAL JUDGMENT AS TO REMAINING DEFENDANTS
## LOHMUS HAAVEL & VIISEMANN AND OLIVER PEEK

The Securities and Exchange Commission ("Commission") having filed an Amended Complaint, and Defendants Lohmus Haavel & Viisemann ("LHV") and Oliver Peek ("Peek") (LHV and Peek, collectively "Defendants") each, respectively, having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the



Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Peek is liable for disgorgement of $13,000,000, representing profits gained as a result of the conduct alleged in the Amended Complaint.

2

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], Defendant Peek shall pay a civil penalty in the amount of $1,350,000, and Defendant LHV shall pay a civil penalty in the amount of $650,000.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Interactive Brokers LLC, within three business days of being served with this Final Judgment by facsimile or other reasonable means, shall transfer to the Registry of the Court from the accounts listed below the respective amounts indicated, all of which shall be applied toward the payment of disgorgement and civil penalties ordered against Defendants pursuant to this Final Judgment:

(a) $6,312,000 from account number [REDACTED]84 in the name of Lohmus Haavel & Viisemann; and

(b) $6,312,000 from account number [REDACTED]57 in the name of Lohmus Haavel & Viisemann.

Interactive Brokers LLC shall make the foregoing payment by cashier's check payable to the Clerk of the Court, and shall include with such payment a cover letter identifying LHV and Peek as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Interactive Brokers LLC shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel and Defendants' counsel in this action.

3

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that CyberTrader, Inc., within three business days of being served with this Final Judgment by facsimile or other reasonable means, shall transfer to the Registry of the Court $2,271,500 from account number [REDACTED]16 in the name of Oliver Peek, all of which shall be applied toward the payment of disgorgement and civil penalties ordered against Defendants pursuant to this Final Judgment. CyberTrader Inc. shall make the foregoing payment by cashier's check payable to the Clerk of the Court, and shall include with such payment a cover letter identifying Peek as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. CyberTrader Inc. shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel and Defendants' counsel in this action.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that RML Trading, within three business days of being served with this Final Judgment by facsimile or other reasonable means, shall transfer to the Registry of the Court $104,500 from account number [REDACTED]81 in the name of Oliver Peek, all of which shall be applied toward the payment of disgorgement and civil penalties ordered against Defendants pursuant to this Final Judgment. RML Trading shall make the foregoing payment by cashier's check payable to the Clerk of the Court, and shall include with such payment a cover letter identifying Peek as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. RML

Trading shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel and Defendants' counsel in this action.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk of the Court shall deposit all of the funds paid to the Clerk from Interactive Brokers LLC, CyberTrader, Inc., and RML Trading pursuant to of this Final Judgment into Court Registry Investment System account number 05CV9259-3 (the "CRIS Account"), the interest bearing account established in connection with the Final Judgment previously entered in this matter against defendant Kristjan Lepik. These funds, and any interest and income earned thereon (collectively, the "Fund"), shall be held in the CRIS Account until further order of the Court. In addition, the Clerk shall, within 10 days after receiving payment of the funds required to be paid to the Clerk from Interactive Brokers LLC, CyberTrader, Inc., and RML Trading pursuant to this Final Judgment, transfer from the Fund to the Securities and Exchange Commission $2,000,000 of those funds, as payment of the penalties ordered against Defendants by this Final Judgment. Such payment shall be made by check, payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying LHV and Peek as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the

income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission will propose the disposition of the balance of the Fund, including any funds already deposited in the CRIS Account in connection with the Final Judgment previously entered in this matter against defendant Kristjan Lepik, subject to the Court's approval.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, upon receipt by the Clerk of Court of all the funds to be transferred to it by Interactive Brokers LLC, CyberTrader, Inc., and RML Trading pursuant to this Final Judgment as payment of Defendants' disgorgement and civil penalties as ordered herein, which total $15,000,000, the Clerk of Court shall promptly notify the Court and the parties hereto that such funds have been paid, and, thereafter, this Court will issue an Order lifting the freeze imposed on Defendants' remaining funds, accounts, and other assets by the Orders of Preliminary Injunction, Freeze of Assets and Other Relief entered against Defendants on November 8, 2005.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents executed by Defendants are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth in their respective Consents.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May 30, 2007

ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE